NO. 7905.

SUCCESSION OF

REINHARDT   COOK.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

------------------

By his Honor John St. Paul.

This appeal, as it stands, presents the single question whether a certain pension check payable to the deceased belongs to his widow or forms part of his estate. The check was drawn to the order of the deceased on the day of his death and mailed to his address, where it was afterwards received.

The Act of Congress of March 2nd 1895 is entitled "An Act to provide for the payment of accrued pensions in certain cases"; and it provides that pensions merely accrued shall form no part of the estate of the deceased pensioner or be liable for any of his debts, but shall inure to the sole and exclusive benefit of his widow or children; but that "the mailing of a check drawn by a pension## agent in payment of a pension due, shall constitute payment in the event of the death of a pensioner subsequent to the execution of the voucher therefor".

As a pension is a mere gratuity, it follows that the grantor may attach thereto what conditions he pleases. Nevertheless payment being once made to the beneficiary the money received then belongs absolutely to such beneficiary and forms part of his general estate in the same way as any other property over which he has dominion and control.

The question might therefore arise whether ### or not the giving of a check in payment would have the same effect as a payment in cash money. For instance, as in Succession of Turgeau, 130 La 650, where the question was whether the manual gift of a check was the same as if cash had been given; and the court held that it was.

Apparently Congress thought it well to settle the question by legislation; and accordingly has provided, as above said, that the mailing of a check after execution of the voucher shall constitute payment even though the pensioner be then dead.

The pension department of the government holds that under such circumstances the check "becomes an asset of the estate of the deceased" (See Circular of March 15th 1905); and whilst this holding is not binding upon/ us/ we think that it is correct.

The judgment appealed from is therefore reversed and it is now ordered that the widow's opposition to the administrator's account be dismissed at her cost in both courts.